## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE
COMPANY, an Ohio corporation,

      Plaintiff,

vs.                                                                         No. CIV 24-1039 JB/JFR

DENNIS MURPHY, as Personal Representative
of the Wrongful Death Estate of AVERY
COLIN JACKSON-DUNPHY, Deceased;
PATRICK ADMIRAL DUNPHY, an Individual;
DANIKA THOMPSON, an Individual; and
ANIMAL SERVICES CENTER OF THE
MESSILA VALLEY, a New Mexico limited
Liability company,

      Defendants.

### MEMORANDUM OPINION[1]

    **THIS MATTER** comes before the Court on Defendants Dennis Murphy and Patrick

Admiral Dunphy's Motion to Dismiss for Want of Subject-Matter Jurisdiction, Or, Alternatively,

to Dismiss Under Abstention Principles, filed January 15, 2025 (Doc. 14)("Motion to Dismiss").

The Court holds a hearing on March 13, 2025. See Clerk's Minutes at 1, filed March 13, 2025

(Doc. 35). The primary issues are: (i) whether the Plaintiff's Declaratory Relief Complaint, filed

October 11, 2024 (Doc. 1)("Complaint"), adequately pleads subject-matter jurisdiction, in light of

the Defendants' argument that the amount in controversy is insufficient; and (ii) whether the Court

---

[1] On September 10, 2025, the Court enters an Order denying Defendants Denise Murphy and Patrick Admiral Dunphy's Motion to Dismiss for Want of Subject-Matter Jurisdiction, Or, Alternatively, to Dismiss Under Abstention Principles, filed January 15, 2025 (Doc. 14). See Order at 1-2, filed September 10, 2025 (Doc. 44). In the Order, the Court states that it will "issue a Memorandum Opinion at a later date more fully detailing its rationale for this decision." Order at 1 n.1. This Memorandum Opinion is the promised opinion.

should dismiss the case under the <u>Brillhart/Mhoon</u>[2] abstention principles, given the Defendants' argument that adjudication interferes with the ongoing state proceedings. The Court concludes: (i) that the Complaint adequately pleads subject-matter jurisdiction, because the relief sought exceeds $75,000.00; and (ii) that the <u>Brillhart/Mhoon</u> abstention principles do not favor dismissal, because Cincinnati Specialty Underwriters Insurance Company ("Cincinnati Insurance") seeks only to resolve the insurance policy's sublimit issue in federal court. The Court therefore denies the Motion to Dismiss.

## FACTUAL BACKGROUND

The Court takes its background facts from the Complaint. It recites them solely for context

---

[2] In <u>Brillhart v. Excess Insurance Co. of America</u>, 316 U.S. 491 (1942), the Supreme Court of the United States explains that the district courts are "under no compulsion to exercise . . . jurisdiction" under the Federal Declaratory Judgment Act. 316 U.S. at 494. The Supreme Court explains:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

<u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 495 (1942). A court should determine whether the lawsuit "can be better settled in the proceeding pending in the state court." <u>Brillhart</u>, 316 U.S. at 495.

The United States Court of Appeals for the Tenth Circuit in <u>State Farm Fire and Casualty Co. v. Mhoon</u>, 31 F.3d 979 (10th Cir. 1994), holds that the federal district court does not abuse its discretion by hearing the case, because "a live need for declaration of State Farm's rights and duties did, in fact, exist." <u>State Farm Fare & Cas. Co. v. Mhoon</u>, 31 F.3d at 983-84. The Tenth Circuit bases its decision on (i) neither party suggests that State Farm could have been or was a party to the State tort action, "thus obviating the need for an independent declaratory action and providing a simpler and more efficient resolution of State Farm's obligations towards Mhoon"; (ii) there is substantial interest in deciding the question of duty to defendant without delay; and (iii) the federal district court is an available forum to State Farm. 31 F.3d at 984. The Tenth Circuit notes that the federal court's exercise of jurisdiction did not unduly interfere with the State proceeding. <u>See</u> 31 F.3d at 984.

and not as findings of fact. The Court does not determine the truth from these facts.

This case arises from a fatal dog attack on November 22, 2021, that killed Avery Colin Jackson-Dunphy. See Complaint ¶ 13, at 3. The Animal Services Center of the Messila Valley ("Animal Services") provides a range of public services, including sheltering at-risk pets, returning lost pets to their owners, and finding new homes for adoptable animals. See Complaint ¶ 9, at 3. Before the incident, Animal Services enters into multiple dog foster contracts with Kevin and Leslie Owens (the "Owens"), Avery's maternal grandparents. Complaint ¶ 10, at 3.

On November 22, 2021, the Owens had six dogs in their care -- three foster dogs from Animal Services and three dogs that the Owns recently adopted from Animal Services. See Complaint ¶ 11, at 3. That day, Avery was left unsupervised while she visited her grandparents' home. See Complaint ¶ 12, at 3. While outside with the Owens' six dogs, Avery suffers fatal injuries when one or more of the dogs attacks her. See Complaint ¶ 13, at 3. The autopsy report confirms that Avery "died from multiple dog bite injuries." Complaint ¶ 14, at 3.

## PROCEDURAL BACKGROUND

On March 13, 2023, Dennis Murphy, as personal representative of Avery's wrongful death estate, and Patrick Admiral Dunphy, Avery's father, file the Plaintiffs' Original Complaint for Negligence Resulting in Wrongful Death Pursuant to NMSA 1978, § 41-2-1 at 1 (Doc. 14-1)("State Complaint"). The named Defendants are: Danika Thompson (Avery's mother), Kevin Owens (Avery's step-grandfather), Leslie Owens (Avery's grandmother), Animal Services, The City of Las Cruces, and The Board of County Commissioners of Dona Ana County. See State Complaint at 1. The State Complaint alleges the Defendants' negligence. See generally State Complaint at 1-16. Animal Services tenders its defense in the State Complaint to Plaintiff Cincinnati Insurance, seeking coverage under the Commercial General Liability Policy No. CSU0171276 ("Policy") that Cincinnati Insurance issues to Animal Services. Complaint ¶ 18, at

- 3 -

4.

On October 11, 2024, Cincinnati Insurance files its Complaint.  See Complaint at 1.  The Complaint seeks a declaratory judgment to determine that the Policy's $25,000.00 Sublimit,[3] subject to a $5,000.00 deductible, applies to the State Complaint's claims.  See Complaint at 1. The Policy provides general limits of $1,000,000.00 per occurrence and $2,000,000.00 for bodily injury.  See Complaint ¶ 18, at 4.   The Policy also includes, however, an Exclusion Form titled "Animal Bite With Limited Optional Coverage for Cats and Dogs," which provides for a $25,000.00 sublimit of liability, subject to a $5,000.00 deductible.   Complaint ¶ 19, at 4. Cincinnati Insurance seeks a declaration that its indemnity obligations to Animal Services under the Policy are capped at this sublimit.  See Complaint ¶ 25, at 6.

On January 15, 2025, Defendants Murphy and Dunphy file their Motion to Dismiss.  See Motion to Dismiss at 1.  Murphy and Dunphy assert two separate grounds for dismissal.  See Motion to Dismiss at 3-4.  First, they allege that the Court does not have subject-matter jurisdiction, because Cincinnati Insurance fails to plead and prove an amount in controversy that exceeds $75,000.00.  See Motion to Dismiss at 3.  Second, Murphy and Dunphy argue that, even if the Court possesses diversity jurisdiction, the Court still should dismiss the case under the Brillhart/Mhoon abstention principles, because parallel proceedings are pending in New Mexico State court.  See Motion to Dismiss at 4.

On January 30, 2025, Cincinnati Insurance files its Response to Defendants' Dennis Murphy and Patrick Admiral Dunphy's Motion to Dismiss (Doc. 20)("Response").  Cincinnati

---

[3] "Insurance policies often include limits on claim payouts, but within those limits, there can be smaller caps known as sublimits. These restrict the amount payable for specific types of losses, regardless of the total policy limit."  What Is a Sublimit in Insurance and How Does It Affect Coverage?,   https://legalclarity.org/what-is-a-sublimit-in-insurance-and-how-does-it-affect-coverage/ (last visited January 5, 2026).

Insurance asserts that the Court has subject-matter jurisdiction, because the Policy provides general limits of $1,000,000.00 per occurrence and $2,000,000.00 for bodily injury that the occurrence causes; thus, its potential liability exceeds $75,000.00. <u>See</u> Response at 4. Cincinnati Insurance next argues that abstention is not proper, because the <u>Brillhart/Mhoon</u> factors do not weigh in favor of abstention. <u>See</u> Response at 5.

## <u>LAW REGARDING DIVERSITY JURISDICTION</u>

Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "The Supreme Court of the United States has described [the] statutory diversity requirement [in 28 U.S.C. § 1332(a)] as 'complete diversity,' and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute." <u>McEntire v. Kmart Corp.</u>, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. 2010)(Browning, J.). The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of the litigation." <u>Valdez v. Metro. Prop. & Cas. Ins. Co.</u>, 867 F. Supp. 2d 1143, 1163 (D.N.M. 2012)(Browning, J.)(citing <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 951 (10th Cir. 2008). Pertinent here, the Court discusses only the amount in controversy requirement.

The statutory amount-in-controversy requirement, $75,000.00, must be between a single plaintiff and a single defendant for a federal district court to have original jurisdiction over the dispute; "a plaintiff cannot aggregate independent claims against multiple defendants to satisfy the amount-in-controversy requirement," nor can multiple plaintiffs aggregate their claims against a single defendant to exceed the threshold. <u>Martinez v. Martinez</u>, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *18 (D.N.M. 2010)(Browning, J.). If multiple defendants are jointly liable, or jointly and severally liable, on some of the claims, however, the amounts of those claims may be

aggregated to satisfy the amount-in-controversy requirement as to all defendants jointly liable for the claims.  See Alberty v. W. Sur. Co., 249 F.2d 537, 538 (10th Cir. 1957); Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *18.  Similarly, multiple plaintiffs may aggregate the amounts of their claims against a single defendant if the claims are not "separate and distinct."  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1292 (10th Cir. 2001)(Seymour, C.J.), abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81 (2014). While the rules on aggregation may appear complicated, they are not in practice: if a single plaintiff -- regardless whether he or she is the only plaintiff who will share in the recovery -- can recover over $75,000.00 from a single defendant -- regardless whether the defendant has jointly liable co-defendants -- then the court has original jurisdiction over the dispute between that plaintiff and that defendant.  The court may then exercise supplemental jurisdiction over other claims and parties that "form part of the same case or controversy under Article III," 28 U.S.C. § 1367(a), meaning that they "derive from a common nucleus or operative fact," United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

The proponent of jurisdiction must satisfy the amount-in-controversy requirement by a preponderance of the evidence.  See McPhail v. Deere & Co., 529 F.3d at 953.  In the context of establishing an amount-in-controversy, the defendant seeking removal could appear to be bound by the plaintiff's chosen amount of damages in the complaint, which would seem to allow a plaintiff to avoid federal jurisdiction "merely by declining to allege the jurisdictional amount [in controversy]." McPhail v. Deere & Co., 529 F.3d at 955.  The Tenth Circuit's decision in McPhail v. Deere & Co. forecloses this option from a plaintiff who wishes to remain in state court.  529 F.3d at 955.  McPhail v. Deere & Co. holds that a defendant's burden in establishing jurisdictional facts is met if the defendant proves "jurisdictional facts that make it possible that $75,000 is in play." 529 F.3d at 955.  The Supreme Court clarifies that a defendant seeking removal to federal

court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. at 88. The district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLP v. Owens, 574 U.S. at 88.

The Tenth Circuit addresses how to establish the amount in controversy in insurance cases. In Farmers Ins. Co. v. McClain, 603 F.2d 821 (10th Cir. 1979), the insurance company seeks a declaratory judgment that it has no liability under the insurance policy that it issues to the owner of a vehicle involved in an accident. See 603 F.2d at 822. The complaint states that the matter in controversy exceeds the amount-in-controversy limit in 28 U.S.C. § 133, exclusive of interest and costs. See 603 F.2d at 822. The Tenth Circuit finds:

> Where an insurer denies his obligation under a liability insurance policy on the theory either that the accident was not within the coverage of the policy or that such policy was void, the amount in controversy is measured by the injured third party's bona fide claim against the insured, unless this exceeds the maximum limit of the policy, in which event the amount in controversy is the maximum limit of the insurer's liability under the policy.

602 F.2d at 823 (citing 6A Moore's Federal Practice § 57.23, at 244-45 (2d ed. 1974)). Similarly, in State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269 (10th Cir. 1998), State Farm Insurance files an action for a declaratory judgment that the defendant's uninsured motorist benefits did not cover his injuries. See 149 F.3d at 1271. Neither party challenges jurisdiction, but the Tenth Circuit finds the dispute between State Farm Insurance and the defendant based solely on his $50,000.00 uninsured motorist policy is inadequate to confer subject-matter jurisdiction and thus remands the case to the district court to dismiss the case for lack of subject-matter jurisdiction. See 149 F.3d at 1271.

## LAW REGARDING EXERCISE OF DISCRETIONARY JURISDICTION OVER DECLARATORY JUDGMENT ACTIONS

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). In Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942)("Brillhart"), the Supreme Court explains that district courts are "under no compulsion to exercise . . . jurisdiction" under the Federal Declaratory Judgment Act. 316 U.S. at 494. The Supreme Court explains:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

316 U.S. at 495. A court determines whether the lawsuit "can be better settled in the proceeding pending in the state court." Brillhart, 316 U.S. at 495.

The United States Court of Appeals for the Tenth Circuit adopts a five-factor test for evaluating whether a district court should exercise its discretionary jurisdiction over a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1169 (10th Cir. 1995)("St. Paul Fire")(quoting State Farm Fare & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994)("Mhoon")).   In St. Paul Fire, the plaintiff, an insurance company, seeks a declaratory judgment that it has no obligation to defend the defendant under the terms of a professional-liability insurance policy.  See 53 F.3d at 1168.  The defendant seeks indemnification and defense for claims that his coworkers brings.  See 53 F.3d at 1168.  The insurance-company plaintiff refuses to provide a defense.  See 53 F.3d at 1168.  After three years of negotiation, the defendant tells the insurance-company plaintiff that he will initiate a State court suit for breach of contract and bad faith by February 18, 1994, if it did not assume his defense.  See 53 F.3d at 1168.  On February 17, 1994, the insurance-company plaintiff files a federal court diversity action for declaratory judgment.  See 53 F.3d at 1168.  The defendant files a complaint for bad faith and breach of contract in State court on February 18, 1994.  See 53 F.3d at 1168.

The Tenth Circuit notes that the federal Declaratory Judgment Act, 28 U.S.C. § 2201, "vests the federal courts with power and competence to issue a declaration of rights."  St. Paul Fire, 53 F.3d at 1168.  "[W]hether this power should be exercised in a particular case is vested in the sound discretion of the district courts."  St. Paul Fire, 53 F.3d at 1168.  The federal district court in St. Paul Fire abstains from exercising jurisdiction, "because the same issues were involved in the pending state proceeding, and therefore, there existed a more effective alternative remedy." 53 F.3d at 1169.

The Tenth Circuit explains in St. Paul Fire:

The parties have a pending state contract action, which incorporates the identical issue involved in the declaratory judgment action.  [The defendant's] state breach of contract complaint against [the insurance-company plaintiff] alleges the coworkers' lawsuit is a "covered claim" pursuant to the insurance policy.  In resolving the insurance contract, the state court will necessarily determine rights and obligations under the contract. [The insurance-company plaintiff] is seeking a declaration by the federal court that the coworkers' lawsuit is not a covered claim.

> The issue in the federal declaratory judgment action is identical to what would be a defense to the state court contract action -- whether [the defendant]'s insurance contract with [the insurance-company plaintiff] protects him from the coworkers' lawsuit. Because the state court will determine, under state contract law, whether the tort action is covered by the insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract.

53 F.3d at 1169. Brillhart abstention does not require a federal court to refuse jurisdiction, but the federal court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." St. Paul Fire, 53 F.3d at 1170. A federal court may abstain from exercising jurisdiction over a declaratory judgment action if "the plaintiff is using the action for procedural fencing." St. Paul Fire, 53 F.3d at 1170. The Tenth Circuit notes that the insurance-company plaintiff's timing of filing suit "may not necessarily be bad faith on [its] part," but finds that the insurance-company plaintiff is unable to show error in the district court's perception that it is using the declaratory judgment action for procedural fencing or "to provide an arena for a race to res judicata." St. Paul Fire, 53 F.3d at 1170 (emphasis in original).

In Mhoon, Robert Mhoon's shooting of Takuro Fujiwara results in three lawsuits. See 31 F.3d at 981. Fujiwara and his wife file suit in State court on November 2, 1990, alleging that Mhoon commits intentional torts against them. See 31 F.3d at 982. State Farm, Mhoon's insurer, agrees to defend him against the Fujiwaras, "but only under a reservation of rights which left State Farm free to seek a judicial determination of its contractual obligations to Mhoon." 31 F.3d at 982. On June 12, 1991, State Farm files a declaratory judgment action under 28 U.S.C. § 2201 and seeks declaration that the policy does not cover Mhoon because he shoots Fujiwara intentionally. See Mhoon, 31 F.3d at 982. "Though the state tort suit between Mhoon and [Fujiwara] was still in progress at the time, the federal district judge agreed to hear State Farm's declaratory action." 31 F.3d at 982. The federal district court rules, as a matter of law, that Mhoon

intentionally shoots Fujiwara.  See 31 F.3d at 982.

> The critical question whether Mhoon acted intentionally was before both the state and federal courts simultaneously and the federal court's failure to await the state court's resolution of the issue opened the possibility that the state court would be foreclosed from deciding that Mhoon behaved only negligently and was, thus, entitled to be insured and defended.

31 F.3d at 983.

The Tenth Circuit in Mhoon holds that the federal district court does not abuse its discretion by hearing the case, because "a live need for declaration of State Farm's rights and duties did, in fact, exist."  31 F.3d at 983-84.  The Tenth Circuit bases its decision on three factors: (i) neither party suggests that State Farm could have been or was a party to the State tort action, "thus obviating the need for an independent declaratory action and providing a simpler and more efficient resolution of State Farm's obligations towards Mhoon"; (ii) there is substantial interest in deciding the question of duty to defendant without delay; and (iii) the federal district court is an available forum to State Farm.  31 F.3d at 984.  The Tenth Circuit notes that the federal court's exercise of jurisdiction does not interfere unduly with the State proceeding.  See 31 F.3d at 984.  The federal court's decision on State Farm's duty "involved no matter, factual or legal, at issue in the state case."  31 F.3d at 984.  The coverage issue is not a complicated one and involves only a search of the record to determine whether Mhoon's conduct is accidental under the insurance policy.  See 31 F.3d at 984.  "[It] was not a case, therefore, where the district court found a material factual dispute and proceeded to resolve it in the face of ongoing state proceedings on the same subject."  31 F.3d at 984.  The Tenth Circuit states that scenario would present a different issue, especially if the State proceedings are quite far along.  See 31 F.3d at 984.  Under those circumstances, a stay or dismissal might be proper.  See 31 F.3d at 984.

In 2006, the Honorable Bobby Baldock, Senior United States Circuit Judge, sitting by designation on the United States District Court for the District of New Mexico, denies the

defendants' motion to dismiss, but grants the defendants' request to stay the proceedings.  See Progressive Specialty Ins. Co. v. Thakur, Order Denying Defendants' Motion to Dismiss But Allowing Defendants' Alternative Motion to Stay Proceedings, No. CIV 06-0542 BRB/RHS (D.N.M. November 14, 2006)(Doc. 14)("Thakur Order").   In Progressive Specialty Ins. Co. v. Thakur, the insurance company seeks declaratory judgment that the total amount of coverage owed to the insured was $50,000.00.  See Thakur Order at 2.  The insured counterclaims, seeking a declaration of rights and obligations, reformation of the insurance contract, and monetary damages for breach of contract, negligence, bad-faith dealing, and violation of the New Mexico Insurance Code and Unfair Practices Act.  See Thakur Order at 2.  The insured also responds to the insurance company's suit in federal court by filing his own suit against the insurance company in state court. See Thakur Order at 2.  The insured names an additional defendant that he contends is a necessary and indispensable party to the federal lawsuit.  See Thakur Order at 2. The additional defendant is the insurance agency that sells the insurance policy to the insured.  See Thakur Order at 2.  Both the insured and the agency are New Mexico residents, and the joinder of the insurance agency "effectively destroyed diversity jurisdiction and the possibility of removal from state court." Thakur Order at 2.  Although the insured's state lawsuit is "broader in scope," it essentially raises issues identical to the insurance company's federal lawsuit.  Thakur Order at 3.

Judge Baldock determines that "the state proceeding, unlike [the federal lawsuit], appear[s] to encompass the entire controversy by addressing both [the insurance company's] and [the insurance agent's] potential liability to [the insured]."  Thakur Order at 5.  "In other words, the rights and obligations of all concerned parties may be adjudicated only in the state action," while the federal lawsuit "might lead to piecemeal litigation thereby undermining both federal and state interests in practicality and wise judicial administration."  Thakur Order at 5.  Judge Baldock explained that, for the same reasons, "the state remedy appears to be the most effective.  Because

the state action [would] likely decide the rights of all interested parties, including the parties to the [federal action], such remedy necessarily is more comprehensive and cohesive." Thakur Order at 6. Judge Baldock does not believe that the federal lawsuit provides the insured with an effective remedy, "because he might very well have to argue factually and legally similar issues against [the insurance agency] in state court." Thakur Order at 6.

More importantly, Judge Baldock explains that the case presents "purely questions of state law including the interpretation of the state's insurance code." Thakur Order at 6. "The State of New Mexico has the predominant interest in deciding a matter involving an insurance policy issued within the state to a state resident involved in an auto accident on a state thoroughfare." Thakur Order at 6. Judge Baldock does not dismiss the case, but stays it, because "a stay avoids problems which might arise if application of a time bar might prevent [the insurance company] from refiling its federal action." Thakur Order at 7.

The Supreme Court resolves a divide among the courts of appeals concerning whether a district court's decision to dismiss a federal declaratory judgment action in favor of parallel State litigation is governed by the discretionary standard of Brillhart v. Excess Insurance Co., or the "exceptional circumstances" test in Colorado River. See Wilton v. Seven Falls Co., 515 U.S. 277, 285 (1995)("Wilton"); Youell v. Exxon Corp., 74 F.3d 373, 375 (2d Cir. 1996). The Supreme Court holds that district courts should apply the Brillhart test, concluding that "[d]istinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of Colorado River." Wilton, 515 U.S. at 286.

## ANALYSIS

The Court addresses Murphy and Dunphy's two Motion to Dismiss arguments in turn. First, the Court determines that the $75,000.00 amount in controversy threshold is met, because

the Policy provides a general limit of $1,000,000.00 per occurrence and $2,000,000.00 for bodily injury that an occurrence causes during the Policy period.  Second, the Court determines that the Brillhart/Mhoon abstention principles do not favor dismissal, because Cincinnati Insurance seeks to resolve only the Policy's sublimit issue in federal court.  The Court therefore denies the Motion to Dismiss.

## I.    CINCINNATI    INSURANCE    MEETS    THE    $75,000.00    AMOUNT    IN CONTROVERSY REQUIREMENT.

Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  The proponent of jurisdiction must establish the amount-in-controversy requirement by a preponderance of the evidence.  See McPhail v. Deere & Co., 529 F.3d at 953.  Murphy and Dunphy argue that Cincinnati Insurance cannot meet this requirement, because it seeks only a declaration that a $25,000.00 sublimit applies -- an amount far short of the statutory threshold.  See Motion to Dismiss at 4-5.

To support that position, Murphy and Dunphy rely on North American Capacity Ins. Co. v. C.H., 8:12-cv-02860-T, 2013 WL 5305708 (M.D. Fla. September 20, 2013)(Whittemore, J.)("North American Capacity"), and New Hampshire Indem. Co. v. Scott, 8:11-cv-943-T, 2012 WL 6537098 (M.D. Fla. December 14, 2012)(Merrday, J.)("New Hampshire").  Murphy and Dunphy contend that both cases hold that the Court must dismiss a declaratory action anchored to a sub-$75,000.00 sublimit for lack of diversity jurisdiction.  See North American Capacity, 2013 WL 5305708, at *3-4; New Hampshire, 2012 WL 6537098, at *2.  Their reliance on those cases, however, is misplaced.  In both decisions, the amount in controversy falls below $75,000.00 only because the parties do not dispute the sublimit's applicability, and that undisputed sublimit defines the insurer's maximum exposure.  See North American Capacity, 2013 WL 5305708, at *3-4; New

Hampshire, 2012 WL 6537098, at *2.

This case is different, because the parties contest the $25,000.00 sublimit. Cincinnati Insurance alleges that the Court must determine whether the sublimit applies. See Complaint ¶ 25, at 6 ("CSU requests that this Court declare that any duty CSU owes under the Policy to indemnify Defendant ADCMV in the Underlying Action for the Damages alleged against Defendant ASCMV by Defendants Murphy and/or Dunphy and/or Thompson is capped at the $25,000.00 sublimit amount per Endorsement Form SCIA405(08/09)-A."). Both Animal Services and Thompson deny the applicability of the sublimit. See Animal Service Answer ¶ 16, at 3 ("ASCMV denies the allegations in paragraphs 25 and 26 of the Complaint."). See also Danika Thompson Answer ¶ 25, at 3 ("Defendant Thompson is without sufficient information to admit or deny the allegations contained in Paragraph 25 and therefore denied the same."). Because the sublimit's applicability is in dispute, the amount in controversy is not the $25,000.00 that Cincinnati Insurance seeks to enforce; it is the amount Cincinnati Insurance may need to pay if the sublimit does not apply. If the Court concludes that the sublimit does not apply, Cincinnati Insurance faces potential exposure up to the Policy's general limits: $1,000,000.00 per occurrence and $2,000,000.00 in the aggregate. The necessary amount in controversy therefore is present, and the Court denies the Motion to Dismiss for lack of diversity jurisdiction.

## II.    THE **BRILLHART/MHOON** ABSTENTION PRINCIPLES DO NOT FAVOR DISMISSAL.

The Supreme Court recognizes that district courts have discretion under the Federal Declaratory Judgment Act and are "under no compulsion" to exercise jurisdiction even when subject-matter jurisdiction exists. See Brillhart, 316 U.S. at 494. The Tenth Circuit applies a five-factor test to guide that discretion: (i) whether a declaratory judgment settles the controversy; (ii) whether it clarifies the legal relations at issue; (iii) whether the plaintiff is using the action for

"procedural fencing"; (iv) whether the action creates friction with State courts; and (v) whether a better alternative remedy exists. See St. Paul Fire, 53 F.3d at 1169 (quoting Mhoon, 31 F.3d at 983). Each factor favors exercising jurisdiction here.

## A.    THE FIRST AND SECOND MHOON FACTORS FAVOR THE COURT EXERCISING JURISDICTION.

The Court begins its analysis with the first and second Mhoon factors: (i) whether a declaratory action settles the controversy; and (ii) whether a declaratory action serves a useful purpose in clarifying the legal relations at issue. See St. Paul Fire, 53 F.3d at 1169. Considering these factors together is appropriate, because both factors are "designed to shed light on the overall question of whether the controversy would be better settled in state court." United States v. City of Las Cruces, 289 F.3d 1170, 1187 (10th Cir. 2002).

Murphy and Dunphy contend that these factors support abstention, and liken this case to Cincinnati Specialty Underwriting Producers Resources, Inc. v. Evanston Insurance Co., 692 F. Supp. 1069 (D.N.M. 2023)(Johnson, J.)("Evanston Insurance"), where The Honorable Judge Johnson, United States District Court Judge for the United States District Court for the District of New Mexico, holds that abstention is appropriate. 692 F. Supp. at 1074. In Evanston Insurance, Judge Johnson concludes that factors one and two favor abstention, because unresolved factual issues in the underlying tort action affect the insurance-coverage determination. 692 F. Supp. at 1074. Judge Johnson finds that situation to be different than Mhoon, where these factors do not favor abstention, because the district court only has to review the State court record to resolve the coverage claims. See 692 F. Supp. at 1074. Here, Murphy and Dunphy argue that their case is more akin to Evanston Insurance than to Mhoon, because "there are too many unknown factors" such as potential contract defenses that could require the Court to make factual findings. Motion to Dismiss at 9. The Court disagrees that this case is more like Evanston Insurance than Mhoon.

In <u>Evanston Insurance</u>, coverage hinges on whether three fact-dependent conditions are met: (i) the plaintiff must act as a principal to Berger-Briggs; (ii) while the plaintiff acts as a principal, Berger-Briggs causes an injury by providing or failing to provide professional services; and (iii) all these events take place during the policy period.  <u>See</u> 692 F. Supp. at 1074.  Here, by contrast, the coverage issue does not depend on facts that the State court is resolving.  The Court need only interpret the Policy to determine whether the sublimit applicable to dog-bites applies.  Because that determination will resolve the parties' controversy and clarify their legal relationship, the first two <u>Mhoon</u> factors favor exercising jurisdiction.

**B.     THE THIRD <u>MHOON</u> FACTOR FAVORS THE COURT EXERCISING JURISDICTION.**

The Court moves now to the third <u>Mhoon</u> factor -- whether the plaintiff is using the declaratory action for "procedural fencing" or to secure a race to res judicata.  <u>St. Paul Fire</u>, 53 F.3d at 1169.  For this factor to weigh in favor of abstention, "some allegations of improper use of timing or procedure to manipulate the court is required."  <u>W.A. Ins. Co. v. Atyani</u>, 338 F. Supp. 3d 1227, 1233 (D.N.M. 2018)(Brack, J.).  Murphy and Dunphy argue that this factor favors abstention, because "Cincinnati waited until more than a year later to seek declaratory relief to confirm the alleged limitation."  Motion to Dismiss at 10.  This argument is not sound, because "the order and timing of filing alone is not enough to show procedural fencing -- some allegation of improper use of timing or procedure to manipulate the court is required."  <u>W.A. Ins. Co. v. Atyani</u>, 338 F. Supp. 3d 1227, 1233 (D.N.M. 2018)(Brack, J.).  Murphy and Dunphy identify no evidence that Cincinnati Insurance files this action to evade the State case or to manufacture a procedural advantage.  The third factor therefore favors exercising jurisdiction.

**C.     THE FOURTH AND FIFTH <u>MHOON</u> FACTORS WEIGH IN FAVOR OF THE COURT EXERCISING JURISDICTION.**

The final two <u>Mhoon</u> factors examine: (i) whether exercising declaratory jurisdiction

creates friction with the State courts or encroaches on State authority, and (ii) whether a superior alternative remedy exists.  See St. Paul Fire, 53 F.3d at 1169.  Murphy and Dunphy argue for abstention, because the coverage dispute implicates New Mexico contract, agency, and tort law, which they say the State court has a strong interest in developing.  See Motion to Dismiss at 11 (citing Evanston Insurance, 692 F. Supp. at 1076.).  This argument is not sound, however, because the court must assess "whether the matters being heard in the state court action are essential to a determination of the collateral federal action, or whether the issue being raised in the federal declaratory action involves no matter -- factual or legal -- at issue in the state case."  Spirit Commercial Auto Risk Retention Group v. GNB Trucking, Inc., No. CIV 17-00842 WJ/SCY, 2017 WL 5468670, at *2 (D.N.M. 2017)(Johnson, J.).  Where the declaratory action is "markedly different" from the underlying action, the fifth factor weighs in favor of retaining jurisdiction. Farm Bureau Property & Casualty Ins. Co. v. Gomez, No. CIV 21-527 BRB/GJF, 2021 WL 4521061, at *6 (D.N.M. 2021)(Baldock, J.).

The district court's approach in West American Ins. Co. v. Atyani illustrates the point. There, Judge Baldock, sitting by designation, finds no undue friction where the federal action requires interpreting insurance policies and where the State action concerns an alleged violation of a municipal ordinance.  See West American Ins. Co. v. Atyani, 338 F. Supp. 3d at 1234.  As he explained, "there is no rigid requirement that all coverage disputes that turn on disputed facts must be determined in an underlying state court action, and this is particularly true when coverage issues are not even addressed in the underlying action."  West American Ins. Co. v. Atyani, 338 F. Supp. 3d at 1235.

The same is true here.  The State case centers on liability -- duty, breach, causation, and damages.  See Response at 9.  The sole issue before the Court is whether the animal bite sublimit applies when the victim dies of dog bite injuries.  See Complaint at 1.  No factual or legal issue

essential to the State case overlaps with the federal coverage question. Cincinnati Insurance is not

a party to the State proceeding. Accordingly, the fourth and fifth <u>Mhoon</u> factors -- like the others

-- support exercising jurisdiction.

      **IT IS ORDERED** that Defendants Dennis Murphy and Patrick Admiral Dunphy's Motion

to Dismiss for Want of Subject-Matter Jurisdiction, or, Alternatively, to Dismiss Under Abstention

Principles, filed January 15, 2025 (Doc. 14), is denied.

                                          _____

                                          UNITED STATES DISTRICT JUDGE

*Counsel:*

Megan Elizabeth Ritenour
Freeman Mathis & Gray, LLP
Scottsdale, Arizona

      *Attorneys for the Plaintiff*
Connie J. Flores
Jessica Mendez
Flores Mendez Law
El Paso, Texas

-- and --

Kirk Cooper
Cooper Appeals, P.L.L.C.
El Paso, Texas

      *Attorneys for the Defendants Dennis Murphy and Patrick Admiral Dunphy*

Elizabeth L. Hightower
Sanders Bruin Coll & Worley PA
Roswell, New Mexico

      *Attorneys for the Defendant Danika Thompson*

Benjamin J. Young
Roberto A. Cabello
Mynatt Springer, P.C.
Las Cruces, New Mexico

      *Attorneys for the Defendant Animal Services Center of the Mesilla Valley*